[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12692
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:09-cv-81425-KLR

EDITH PETERSON,

Plaintiff–Appellant,

versus

DOMINGO OSCAR RAMIREZ,
DIEGO RAMIREZ,
RICHARD ROGERSON,
JANET GOODENOW,
AFFORDABLE HOMES OF PALM BEACH, INC., et al,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 2, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Edith Peterson, proceeding *pro se*, filed a lawsuit against numerous defendants stating several causes of action under state law and claims under 42 U.S.C. § 1983. The district court dismissed her suit because it found that it did not have subject-matter jurisdiction on any of the grounds Peterson alleged in her complaint. Peterson appeals and asks that we reinstate her lawsuit. Because we agree with the district court that there is no basis for subject-matter jurisdiction, we affirm.

We review an order dismissing a case for lack of subject-matter jurisdiction *de novo*. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). And we liberally construe *pro se* pleadings. *H & R Block E. Enters. v. Morris*, 606 F.3d 1285, 1288 n.1 (11th Cir. 2010).

Peterson alleges two bases for federal jurisdiction. She first contends that federal jurisdiction exists because the parties have diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Second, she alleges federal-question jurisdiction based on her § 1983 claims. 28 U.S.C. § 1331.

In order for diversity jurisdiction to exist, there must be complete diversity of citizenship. *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). That

means that the plaintiff's citizenship must be different from that of each of the defendants. If even one defendant's citizenship is the same as the plaintiff's there can be no diversity jurisdiction. Peterson acknowledges that a number of the defendants are (like her) citizens of Florida. Accordingly, because Peterson and some of the defendants share the same citizenship there was not diversity jurisdiction.

Peterson also claims that there is federal-question jurisdiction as she has sued several of the defendants under 42 U.S.C. § 1983 for violating her 14th Amendment rights.

Merely asserting a federal cause of action is not enough to establish federal-question jurisdiction. *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010). Sometimes, a case may be dismissed for lack of subject-matter jurisdiction if it is clear the claims on which jurisdiction is based are patently without merit. *McGinnis v. Ingram Equip., Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (*en banc*). This is such a case.

Section 1983 claims can only be asserted against state actors. *Am. Mfgs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). But it is not clear from Peterson's complaint that any of the defendants in this case are state actors. Indeed, nothing in the complaint that suggests that they are. As the Supreme

Court has said, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* (internal quotation marks and citations omitted). Here there is no suggestion of anything other than merely private conduct, thus even were Peterson's claims viable under some state law theory of recovery, they are not viable under § 1983. Accordingly, we conclude that the district court properly dismissed Peterson's suit because there was no basis for subject-matter jurisdiction.

**AFFIRMED.**